UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SANCHEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14CV43 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Edward Sanchez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

On March 6, 2009, movant pled guilty to the offense of possession with intent to distribute fifty grams or more of a substance containing methamphetamine. On September 11, 2009, the Court sentenced movant to 135 months' imprisonment. Movant did not appeal. On September 7, 2010, movant filed a motion to vacate under § 2255. The Court denied the motion on its merits on October 26, 2011. See Sanchez v. U.S., 1:10CV138 SNLJ (E.D. Mo.). On February 29, 2012, the Eighth Circuit Court of Appeals denied movant's application for a certificate of appealability. Sanchez v. U.S., No. 11-3521 (8th Cir. 2012).

On October 3, 2013, movant filed a motion in the United States District Court for the Northern District of Texas. He labeled it as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Texas court found that the relief requested was only available under § 2255, and the

court warned petitioner that if he did not withdraw it, the court would construe it as a § 2255 motion and transfer it to this Court. Movant did not withdraw the motion; thus, the motion was transferred to this Court and it was construed as a motion to vacate, pursuant to 28 U.S.C. § 2255. See Sanchez v. U.S., 1:13CV167 SNLJ (E.D. Mo.). In movant's second motion to vacate, movant alleged that his conviction was unlawful because the indictment was invalid, and he seeks early release from confinement. The Court denied movant's motion to vacate and dismissed the motion as successive. Movant did not appeal the dismissal.

In the instant motion before the Court, received by this Court on April 7, 2014, movant asserts that he is actually innocent of the crime for which he was convicted, and thus, he seeks review of his conviction and release under the Supreme Court case of McQuiggin v. Perkins, 133 S.Ct. 1924 (2013).

In McQuiggin, the Supreme Court held that a prisoner filing a *first-time* federal habeas petition could overcome the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) upon a showing of "actual innocence" under the Schlup v. Delo, 513 U.S. 298, 329 (1995), standard. See McQuiggin, 133 S.Ct. at 1928. Critically, the holding in McQuiggin was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable "actual innocence" exception for an untimely *first-time filer*. See id. at 1934. On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[ ]" the "actual innocence" exception with respect to *second or successive petitions*. See id. at 1933−34. Nothing in McQuiggin authorizes a court to ignore or bypass these constraints.

Title 28 U.S.C. § 2255(h) requires that a movant seeking to file a second or successive motion must obtain permission from the Circuit Court before filing such motion in the District Court. Absent certification from the appellate court, this Court lacks jurisdiction to grant movant's requested relief. Because movant does not have permission from the Eighth Circuit Court of Appeals to file this action, the Court will dismiss it without further proceedings.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the motion is successive. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED and DISMISSED**.

A separate Order of Dismissal will be filed forthwith.

Dated this  10th  day of April, 2014.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE